Our final case for today is United States v. Kyle Williams. And we'll start with Mr. Mullins. Good morning, my name is Brian Mullins and I represent Kyle Williams on this appeal. In United States v. Holland, a case issued by this court last year, about a year ago, the court commented that we have cautioned district judges not to predetermine the appropriate punishment in revocation sentencing hearings and other sentencing hearings. And that is essentially what our argument is in this case, is that the district court predetermined a sentence at the statutory maximum. We believe that the district court's predetermination is illustrated by two procedural errors that we have identified. The first is that the district court did not give adequate weight to the policy statement for the violations at issue. And that the district court did not consider one of the defendant's mitigating arguments, which was that his criminal history category had been incorrectly assigned at his original sentencing hearing. So there are a couple things about this. I mean, as in the same district judge, as in the Marmion case, she does begin the sentencing or the hearing on what sentence for the revocation process should be given with a statement of the policy ranges recommended in Chapter 7 of the guidelines. So she knows it's there. And she does talk a lot about why, in her view, he is not a good candidate for that and that she thinks maybe those recommendations aren't so good in this situation. And she wants to use the statutory range as her point of reference. But I'm having trouble seeing why that's not within her discretion. She's certainly aware of the guidelines, and she invites use of this criminal history problem as a factor. I agree with you, there's not a lot of follow-up on it, but at the very end she says, is there anything else you want me to explain about my sentence? It's just not anything else. It's anything else about the sentence. And counsel for Mr. Williams says no. So why doesn't all of that add up to something that may be a very harsh sentence for this person who clearly has serious problems of addiction and who perhaps was victimized by the second doctor, but why isn't that all within her discretion? Well, I think that the sentence, I mean, there is a way for the district court to oppose the sentence that it did and act within its discretion. But in this case, you know, I think that predisposition is shown by... But why do you call it predisposition? I mean, any judge, I mean, before this morning, I spent quite a bit of time reading all of these briefs, so I didn't come in here just ignorant about the cases. Is that a predisposition? I guess I would call it a presumption of reasonableness to the statutory maximum. The presumption of reasonableness is usually argued that the district court uses with respect to the guidelines. Well, they're not supposed to do that. Actually, it's an appellate presumption of reasonableness. Correct. And that's what we're arguing is that really the district court applies a presumption of reasonableness to the statutory maximum in these drug court cases, which Marmion is another example of. Where do you get presumption in this? Well, she doesn't... The court didn't use that term, but I think it's implicit in the way that the court does not give much attention to any mitigating factors, which were brought out by Mr. Williams. There was testimony by his mother, who was a nurse, that he became addicted to opioids after he suffered an accident. There is evidence that he was cleaned from heroin for three years while this case has been pending. He has been working. So there were mitigating factors that we do not believe a court that is giving proper weight to both the statutory maximum and the policy statement range, that the court would give more attention to those mitigating factors. But she does mention them. You know, I'm looking at her sentencing transcript. She says, no one disputes you're an addict, you've been in remission for some time, but she just doesn't weigh it the way you would have. And that's where we believe that that presumption of reasonableness to the statutory maximum is displayed in the weight that the court gives some of those mitigating factors, including the criminal history category, which is significant, even though it's only maybe a few months. But it does impact the deviance from the guideline range of the original sentencing, which is a relevant factor for how much to vary upward at the revocation sentence. And then it also affects what the policy statement range for the revocation sentence itself is. I think there are some procedural issues that the government has raised which are significant in this case and probably bear some clarification. I think there is some, some of the cases aren't completely clear as to whether the court reviews procedural errors at revocations for de novo review. The government is essentially arguing that the only standard of review is whether the sentence itself was plainly unreasonable. So they're really asking this court to only apply one standard of review to a revocation sentence. That is different than the procedure used by the court for the original sentence. I don't believe that there is legal justification for that, just one standard of review for justifying plainly unreasonable. The procedural errors, you know, there are statutes and policy statements that the district court is required to follow just for revocations, just as there are for sentencing. Not follow or consider. Well, the statute, the district court must follow the standards that are put in place. We haven't gotten to the point where they're absolutely dictating what the court sentence should be. The district judge does have some discretion, right? Right, just certain things have to be considered and I think that whether a district court has considered them or not is an issue that should be reviewed de novo. I will reserve the rest of my time. Okay, that's fine. Mr. Walters. Good afternoon, Your Honors, and may it please the court. Greg Walters on behalf of the United States. Irrespective of what standard of review this court applies, what this court has stated in examining a sentence that is imposed upon revocation of supervisory lease, it assesses whether a court has complied with 3583E. That is, did the court consider the relevant policy statement range and did the court consider the 3553A factors? Indisputably, regardless of what the defense is arguing, one cannot look at this record and say that Judge Darrow did not consider the policy statement range when it's clear from the record that she read the violation memorandum, she stated the policy statement range on the record, she indicated the weight that she wanted to give the policy statement range and the reasons why, and then she considered Application Note 4 to 7B1.4. In United States v. Marmion, this court looked at the exact same allegation by defense and said that allegation was, quote, patently false, that Judge Darrow did not consider the policy statement range. So there is an additional wrinkle here, which is this appears to be just an error in the criminal history calculation the first time around, and that's a little troubling since these things are path dependent, you know, in a certain respect. And it seems, I don't know what the remedies are other than perhaps taking it into account as a discretionary factor at this point, which she volunteered to do but never really follows up on, at least not in so many words. Or I don't know whether the probation office ever files supplemental memoranda that could be used that would fix a mistake like that. It seems unfair for it to be baked into the procedure when we know it's a mistake. Well, I think two things on that. First, she did offer to continue the hearing to allow briefing by the parties since this was an objection that was first raised at the hearing. They chose to go forward. She offered to make an argument in mitigation. The fact that he made the argument in mitigation doesn't mean she had to accept it. And I think by explaining the weight that she was giving to the correctly calculated guideline range, that she also explained why she wasn't going to consider even a lower range. That she believed based on this conduct that courts are basically out of options, that she was going to go above anyway. In fact, stated that if I could give you five years, I would, but I'm giving you three. Of course, that argument also by defense presupposes his Cunningham argument wasn't waived. And I think this is on all four points with Donnelly when this court stated that argument, a Cunningham argument is waived when counsel in response to the question, would you like any further elaboration for the reasons for the sentence, and says no, that that's waiver of any Cunningham argument. But regardless of waiver, ultimately, the Cunningham argument loses on its merits. So two things, the two issues. Did the court consider the policy statement range? The record is clear that she did. That's the argument that was raised, and that's what we addressed. Where he's coming from and saying things that the court predetermined the sentence was predisposed and that there was a presumption, those arguments weren't made. And if there's an argument about bias, he should have made it in his opening brief. Well, in the initial sentence, she sent him to a period of time served, right? That was the original sentencing hearing, Your Honor. Right. He was sentenced to a period of 89 days, 90 days. That was Judge Shadid? That was a different judge than Judge Darryl. Well, a different judge, but I mean, that's what he got. Time served and two prior release. Because he goes into the alternative program. Right. And then was a candidate for pretrial diversion. Right. Failed out of that, ultimately pleaded guilty, then was sentenced to time served. And so then we're here before on the revocation. But the one thing he did argue in his brief, he said that this sentence was reflexively imposed. I don't think whether this court agrees with what Judge Darryl did or not, reading her seven to eight or nine-page explanation for the sentence that she gave is not what you would consider to be a reflexive reaction by a district court judge. And so we would ask that this court affirm the revocation judgment. Thank you. Thank you. Anything further, Mr. Mullins? I would just like to clarify our argument with respect to the criminal history issue. We are not arguing that had the court been cognizant or taken it into account, that the court would have imposed the sentence within the policy statement range, but just that it should have been considered when just determining the overall sentence and the record does not make clear that it was considered and that it is a valid mitigating argument. All right. Thank you. Thank you very much. Thanks to both counsel. The court will take the case under advisement, and we will be in recess. Thank you.